IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

KETWON WESTMORELAND,

Plaintiff,

v.

MR. PINEIRO,

Defendant.

CIVIL ACTION NO.: 6:18-cv-85

## ORDER

The Court has conducted an independent and *de novo* review of the entire record and concurs with the Magistrate Judge's Report and Recommendation, (doc. 5). Though Plaintiff did not file Objections to this Report and Recommendation, he did file a Reply and Response to the Report and Recommendation and a Notice of Interlocutory Appeal. (Docs. 6, 7). However, "[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). This Court may "recharacterize a *pro se* litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis." Rameses v. United States District Court, 523 F. App'x 691, 694 (11th Cir. 2013). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of the motion and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381–82). The Court recharacterizes Plaintiff's Reply and Response as his Objections to the Report and Recommendation. In addition, the Court recharacterizes Plaintiff's Notice of Interlocutory Appeal

as an appeal of the Magistrate Judge's Order denying Plaintiff permission to proceed in this Court on an *in forma pauperis* basis.

The Magistrate Judge's denial of Plaintiff's motion to proceed *in forma pauperis* is not clearly erroneous, nor is it contrary to law. Fed. R. Civ. P. 72(a). The Court **OVERRULES** Plaintiff's appeal of the Magistrate Judge's Order denying Plaintiff *in forma pauperis* status in this Court. The Court's Order dated October 17, 2018, shall remain the Order of the Court.

Further, the Magistrate Judge recommended the Court dismiss without prejudice Plaintiff's Complaint because he failed to fully and truthfully disclose his litigation history. (Doc. 5, pp. 4–6). In his Objections, Plaintiff admits he marked through the questions regarding previous litigation on his Complaint and understood the questions on the form. (Doc. 6, p. 1). Plaintiff alleges, however, that he did not understand the "dismiss[al] of his previous lawsuit," as he did not pursue this lawsuit or have access to information relating to that case. (Id.) Plaintiff contends he was not being dishonest in marking through the sections of the complaint form regarding his previous cause of action; rather, Plaintiff avers he "simply avoided" these sections because he had "no intellectual knowledge" of this case. (Id.)

Plaintiff's attempt to excuse what he previously failed to disclose cannot "serve to overlook [Plaintiff's] abuse of the judicial process." Hood v. Tompkins, 179 F. App'x 818, 819 (11th Cir. 2006). While Plaintiff's claimed intentions are irrelevant, the Court observes Plaintiff marking through the questions—as though these questions did not apply to him because he had not filed any previous lawsuits or had any previous lawsuits dismissed as being frivolous, malicious, or failed to state a claim—was an intentional act. See Shelton v. Rohrs, 406 F. App'x 340, 340–41 (11th Cir. 2010) (affirming dismissal of action without prejudice for prisoner plaintiff's abuse of judicial process where plaintiff failed to disclose four previous civil actions; even if prisoner did not have access to his legal materials, he would have known that he filed multiple previous

2

lawsuits.). As the Magistrate Judge noted, "The plain language of the Complaint form is clear, and Plaintiff failed to answer fully and truthfully." (Doc. 5, p. 6).

Accordingly, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. The Court **DISMISSES without prejudice** Plaintiff's Complaint, **DENIES** Plaintiff *in forma pauperis* status on appeal, and **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

**SO ORDERED**, this 31st day of January, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA